**J. C. MARTIN, Jr. and Sybil Martin, Appellants,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 24915.**

United States Court of Appeals
Fifth Circuit.

April 5, 1968.

---

* Of the First Circuit, sitting by designation.

M. M. Roberts, Hattiesburg, Miss., Roland C. Lewis, Waynesboro, Miss., Paul G. Swartfager, Laurel, Miss., J. C. Martin, Jr., Waynesboro, Miss., of counsel, for appellants.

Robert E. Hauberg, U. S. Atty., Joseph E. Brown, Jr., Asst. U. S. Atty., Jackson, Miss., for appellee.

Before GEWIN and COLEMAN, Circuit Judges, and HUGHES, District Judge.

**PER CURIAM:**

This appeal is from a judgment rendered in favor of the United States, suing on behalf of the Small Business Administration, against Appellants for the sum of $33,271.45 plus interest, the balance due on a promissory note assigned by the payee to the SBA. The note was secured by a deed of trust to certain real and personal property located in Wayne County and Greene County, Mississippi.

Appellants sought to defend the suit by attacking the validity of the foreclosure sale of the property, which took place after they had defaulted on the note. After judgment for Appellee was entered, Appellant J. C. Martin filed a motion to vacate under Rule 60(b) F.R. Civ.P., on the sole ground that he had previously been adjudicated a bankrupt. The motion was overruled and subsequently Appellant was granted a discharge in bankruptcy.

On this appeal Appellant has again challenged the validity of the foreclosure sale. In addition, he contends that the District Court erred in overruling his motion to vacate.

■ The property described in the deed of trust, both real and personal, was auctioned by a substituted trustee pursuant to the terms of the trust deed for an amount which Appellants claim to be substantially less than its fair market value. The only ground for setting aside the sale urged before the District Court and reasserted on appeal was that the trustee abused his discretion by holding the sale at the Wayne County Court House rather than the situs of Appellants' saw mill where much of the personal property was located. However, on this appeal other grounds are raised for the first time, including the following: (1) that the sale was improperly advertised; (2) that the property was improperly described; and (3) that the items of property were not offered separately and then as a whole. In our opinion these grounds have been waived since they were not pleaded below.

■ Accordingly, the only question to be resolved on this appeal regarding the validity of the sale is whether the trustee abused his discretion in selecting

its situs. The trust deed provided that the personal property could be sold " * * at any place in Wayne & Greene Counties which (the trustee) may designate. * * * " There was adequate testimony that prospective bidders were allowed to inspect the property at its location. Under these circumstances we cannot say as a matter of law that the trustee abused his discretion.

 In addition, we find no merit in Appellants' contention that his discharge in bankruptcy should be held to invalidate the judgment. No plea of discharge was raised in the motion to vacate since at the time it was filed no discharge had been granted. In any event, whatever effect his discharge in bankruptcy has on the execution of the judgment, it forms no basis for a direct attack on the judgment's validity.

The judgment is affirmed.